**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JAMES SWEETS, | * |
| Petitioner | * |
| v. | *  Civil Action No. CCB-08-2936 |
| | *  Criminal No. CCB-04-0564 |
| UNITED STATES OF AMERICA | * |
| Respondent | * |

oOo
**MEMORANDUM**

Federal prison inmate James Sweets was convicted by a jury of conspiracy to distribute and possess with intent to distribute narcotics and conspiracy to possess firearms in furtherance of a drug trafficking crime. On December 22, 2005 this court sentenced Sweets to 360 months incarceration on count 1 (drugs) and 240 months concurrent on count 2 (firearms), plus a 10-year term of supervised release. His conviction and sentence were affirmed by the Fourth Circuit, *see U.S. v. Sweets*, 526 F.3d 122 (4th Cir. 2007) and certiorari was denied by the Supreme Court. On November 3, 2008 he timely filed the motion to vacate under 28 U.S.C. §2255 now under consideration. Following full briefing, and finding no evidentiary hearing needed, I will deny the motion for the reasons stated below.

Sweets raises various claims of ineffective assistance of trial and appellate counsel in his motion, as well as several independent constitutional claims.[1] The ineffective assistance claims, which will first be discussed, are contained in Grounds One-Nine and Eleven. Essentially, Sweets

---

[1]He also requests a sentence reduction pursuant to Guidelines Amendment 706 related to crack cocaine. That request is being treated as a separate motion under 18 U.S.C. § 3582(c), for which counsel has been appointed.

presents a laundry list of allegations, for the most part unsupported by specifics or by the record. For example, Ground Two alleges that trial counsel failed to move for suppression of evidence when in fact he did so move, there was an evidentiary hearing, and this court's denial of the motion was litigated and affirmed on appeal. *Sweets*, 526 F.3d at 129-30. In his "traverse" to the government's response, Sweets does not press any of his allegations other than Ground One, which accordingly will be addressed in more detail.[2]

To prevail on a claim of ineffective assistance, Sweets must show both that his counsel's performance was deficient and that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *U.S. v. Terry*, 366 F.3d 312, 314 (4th Cir. 2004). Sweets argues at length in his traverse that trial counsel was ineffective for failing to advise him, after the motion to suppress was denied, that he could plead guilty, with or without an agreement, or proceed to a bench trial on stipulated facts, thus preserving his right to challenge the denial of the suppression motion and the sufficiency of the evidence and also obtain a reduction in his Guidelines offense level for acceptance of responsibility. Assuming, without deciding, that Sweets's experienced trial attorney failed to so advise him, there is nevertheless no possible showing of prejudice to Sweets, for several reasons. First, the option of a bench trial depends on the government's willingness to waive a jury, and that is not established by the record. Nor is it clear there could have been a stipulation of facts, as the sentencing transcript indicates the attempt to agree on a statement of facts was not successful (Tr. 12/21/05 at 40-41). Assuming the government would have agreed to a bench trial on stipulated facts, however, and Sweets had thereby preserved his right to appeal the denial of the motion to suppress, there is no prejudice because he did in any event appeal the denial and was unsuccessful. As the evidence

---

[2]The other grounds have been considered but are without merit.

against him was overwhelming, a challenge to its sufficiency could not have prevailed.  Finally, as to acceptance of responsibility, Sweets had already testified falsely at the motions hearing, as determined by the court. (See Tr. 9/9/05 at 17-19).  There is no likelihood that a reduction for acceptance of responsibility would have been made under such circumstances, nor that Sweets would have been sentenced to anything less than 360 months, the low end of the guideline range based on his status as a career offender.  As the transcript reflects, Sweets was given the benefit of a lower drug quantity calculation and the factors under 18 U.S.C. § 3553 were taken into account.[3]  (Tr. 12/21/05 at 19-20, 42-44).

      Sweets's independent constitutional claims are contained in Grounds Ten and Twelve-Fifteen.  To the extent they were raised and determined on direct appeal they may not be relitigated here, *see Boeckenhaupt v. U.S.*, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam).  To the extent they were not raised on direct appeal but could have been, they are procedurally defaulted, *Bousley v. U.S.*, 523 U.S. 614, 621 (1998), and Sweets has shown neither cause nor prejudice resulting from the default.  In any event, he has failed to specify any conflict of interest (Ground Ten); his sentence was based on facts found by the jury and on prior convictions, which need not be submitted to the jury, all considered in light of the factors stated in 18 U.S.C. § 3553 (Grounds Twelve and Fourteen); and his Second Amendment rights were not violated (Ground Thirteen), *see Lewis v. U.S.*, 445 U.S. 55, 65 (1980); *see also District of Columbia v. Heller*, 128 S.Ct. 2783, 2816-17 (2008).

---

[3]For guidelines purposes, the drug quantity was limited to the amount (more than 50 grams of crack cocaine) found by the jury beyond a reasonable doubt.  (Tr. 12/21/05 at 19-20).

Accordingly, Sweets has shown no basis for relief on any grounds. The motion to vacate will be denied by separate Order.


  April 21, 2009                                        /s/
Date                                            Catherine C. Blake
                                                United States District Judge